## J. E. GIRVEN V. THE STATE.

### No. 10396.    Delivered February 16, 1927.

**Theft of an Automobile—Requested Charges—On Defensive Theory—Erroneously Refused.**

Where, on a trial for theft of an automobile, the evidence raised the issues of a taking with the owner's consent, and without the intent to permanently appropriate it, these issues not having been presented in the court's main charge, it was error to refuse appellant's requested charge presenting same, which necessitates the reversal of the cause.

Appeal from the District Court of Stephens County.    Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for theft of an automobile, penalty four years in the penitentiary.

The opinion states the case.

*Floyd Jones* and *Bryan Atchison* of Breckenridge, for appellant.    On court's failure to submit defensive theory, appellant cites:   Bird v. State, 90 S. W. 651; Woodell v. State, 279 S. W. 840; Knight v. State, 280 S. W. 815; Barnes v. State, 272 S. W. 188; Elliott v. State, 281 S. W. 863; Arenson v. State, 261 S. W. 787; White v. State, 278 S. W. 203.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for theft of an automobile, punishment four years in the penitentiary.

Appellant was working for the fire department in the city of Breckenridge.  Bogue, the owner of the alleged stolen car, was also a fireman.  Bogue had a Ford roadster on which he owed a considerable amount to the motor company from which he had bought same.  According to Bogue's testimony he was in the habit of letting other firemen use his car when they wanted it. He admitted that another fireman took it and used it and kept it as long as two days, on one occasion.  He testified that appellant had asked him if he might use the car—might drive it to Eastland, and that he had told him he could do so if he wanted to. Mr. Bogue said he told the boys at the fire hall any time they asked for the car they could drive it.  He testified that at the time the car was taken on the occasion in question, if he had known appellant had the car "I don't know whether I would have considered it stolen or not. * * * If at this time I had

known Girven had the car, I would not have considered it stolen."
The facts show that appellant took the car and drove it to East-
land and left it at a garage, and went to the home of an officer
in Eastland where he spent the two or three days following.
The car was kept in a garage in Eastland. The officer with
whom appellant stayed testified for the defense that he had
known appellant five or six years, during about three years of
which appellant had roomed at his house. He testified that
during the time appellant was in Eastland with the alleged stolen
car he stayed at his house, and told him that he had come from
Breckenridge in a car belonging to another one of the boys. He
also testified that on one of the days appellant was in Eastland
the funeral of an old citizen of the county occurred out in the
country from Eastland and that appellant took witness' car and
drove the latter's wife out to the funeral, and made several trips
backward and forward in witness' car during that day. He also
testified that appellant told him he intended to go back to Breck-
enridge the day of the funeral but when same was over it was
getting late and appellant said he would stay until the next day
and go back; appellant was arrested that afternoon.

The garage man with whom appellant left the car testified that
appellant wanted to sell him the car in question, and offered it
to him for $25. Appellant told him that he got the car in Breck-
enridge, and told him to whom it belonged, and that there was
paper out against the car and who was carrying the paper. Wit-
ness said appellant told him that the man who had bought the
car owed the notes on it and was not in position to meet the notes
and did not care if somebody took it. Appellant told witness
there was $150 against the car. Another fireman who worked at
the same place as did appellant and Bogue, testified that Bogue
tried to sell the car to him; said he could not pay for it and if
witness would take up the notes on it he could have the car.
Appellant testified that he had used Bogue's car two or three
times without asking him for it, but that he had told him a day or
two before he used the car that he wanted to borrow it for a
day or so to go to Eastland and that Bogue said he could use
the car. That he drove the car to Eastland on the night in
question, and went over the next morning to Mr. Woods, the
officer's house. He said that he had been working in connection
with Mr. Woods in an effort to detect and catch automobile
thieves and the people who were buying stolen cars. Mr. Woods
had also testified to this same fact. Appellant testified that he
made an effort to sell the car to the man at the garage, telling him
all about the car, his purpose and intent being to ascertain

whether or not said garage would buy a car under such circumstances. Appellant said that he told said party that the car was a stolen car; that he did not intend to actually sell the car but only wished to get what information he could, by such course, in order to aid the officers.

In this condition of the record appellant asked several special charges which were refused, the refusal being excepted to in each instance. He requested the court to instruct the jury that if he took the car for any other purpose than with the fraudulent intent to deprive the owner thereof, they should acquit. He also asked that the jury be told that if he took the car without the intent to steal it, or for the purpose of using it to go to Eastland and with the intention of returning the car to the owner, then he would not be guilty of theft. He further asked the court to instruct the jury that unless there was a felonious and larcenous intent present and shown beyond a reasonable doubt at the time of the taking, that he should be acquitted. He further sought to have the jury told that if they found and believed from the evidence that the owner gave his consent to the defendant to use his car to go to Eastland, then they should find the appellant not guilty. Examining the main charge of the court, we find none of the theories presented by any of said special charges submitted therein. No suggestion of the submission of any affirmative defensive theory appears in the charge.

We cannot escape the conclusion that the learned trial judge fell into error in his refusal to submit the theory embraced in the first, second and fourth of said special charges. One is not guilty of theft who takes a car for any other purpose than with the fraudulent intent to deprive the owner of the value thereof, and this was one of the very things relied upon by the accused in this case. Also, if appellant took the car of Bogue to Eastland with the intention of returning it to the owner, he would not be guilty of theft. It would also be true that if the jury found from the evidence that the owner consented for appellant to use his car in going to Eastland on the occasion in question, appellant would not be guilty.

Believing the learned trial judge in error in refusing to submit in some one of the forms suggested the defensive theory in the case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*